IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Newton, | ) C/A No. 0:12-1643-RBH-PJG |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Mildred L. Rivera, | ) **RECOMMENDATION** |
| Respondent. | ) |

The petitioner, Joseph Newton ("Petitioner"), a federal prisoner proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 asking this court to vacate his conviction and sentence. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is incarcerated at the Federal Correctional Institution in Estill, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner was convicted of drug distribution and "use of a communication facility" on January 19, 1992 in the District Court for the Southern District of Georgia. (Pet., ECF No. 1 at 1.) He previously filed a motion pursuant to 28 U.S.C. § 2255 challenging the conviction based on ineffective assistance of counsel. (Id. at 2.) Petitioner argues that in light of the case DePierre v. United States, 131 S.Ct. 2255 (2011), his conviction should be vacated because the prosecution failed to establish the identification of the controlled substance at issue beyond a reasonable doubt. (Id. at 4.) Petitioner cites Depierre both

to show that § 2255 is inadequate or ineffective to test the legality of his detention, and that he is actually innocent of the charges on which he was convicted. (ECF No. 1-1 at 2, 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) (citing <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" <u>Reyes–Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001); <u>see</u> <u>also</u> <u>Ennis v. Olsen</u>, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or

ineffective.  It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In Re Vial, 115 F.3d at 1194 n.5 (citations omitted).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in In re Jones, 226 F.3d 328 (4th Cir. 2000).  In Jones, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-34.

Additionally, there is some authority allowing a petitioner to obtain review of his or her additional constitutional claims by showing that his case implicates a fundamental miscarriage of justice, such as by a showing of actual innocence.  Schlup v. Delo, 513 U.S. 298, 315 (1995).  Cognizable claims of actual innocence are extremely rare and must be based on "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner relies upon Depierre, which held that the term "cocaine base" in 21 U.S.C. § 841 refers not only to crack cocaine, but also to any cocaine in its chemically basic form. DePierre, 131 S.Ct. at 2227-28.  Several courts have considered whether DePierre triggers



the savings clause in similar situations, and have held that it does not. See Fields v. Warden, FCC Coleman - USP 1, 2012 WL 2924020 (11th Cir. July 19, 2012) (savings clause does not apply and in any case petitioner did not show DePierre is retroactive); Wilson v. United States, 2011 WL 6308907 (W.D.La. Nov. 29, 2011) (DePierre did not establish petitioner was convicted of a nonexistent offense).

In Harrison v. United States, 2012 WL 3000146 (N.D.Fla., June 26, 2012), the petitioner used a strategy similar to that of the Petitioner herein to challenge his conviction. He argued, as does Petitioner, that DePierre held that the identity of the substance—whether cocaine base, crack cocaine or another substance containing cocaine—must be established beyond a reasonable doubt before the fact finder at trial. In fact, said the Northern District of Florida:

> DePierre does not stand for the propositions to which petitioner ascribes it. Rather, DePierre holds that the term "cocaine base," as used in 21 U.S.C. § 841(b)(1)(A)(iii) (mandating a minimum ten-year sentence for persons convicted of drug offenses involving fifty grams or more of a mixture or substance which contains cocaine base), means not just crack cocaine, but cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste. See 131 S.Ct. at 2231-32. In other words, DePierre does not invalidate the offense for which defendant was convicted and, therefore, does nothing to advance petitioner's cause.

Harrison, 2012 WL 3000146, at 4.

Petitioner has failed to show that DePierre or any other case decided after his conviction has decriminalized the act for which he was convicted, and has proffered no other theory under which the savings clause may apply to him.

Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence of the



charge.  See Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.").  In sum, nothing in this case presents more than an unsupported allegation of actual innocence.  Because Petitioner has not demonstrated that he is actually innocent and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, the undersigned recommends this matter be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).